IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KEISHA LASHAY JOHNSON**                                                **PLAINTIFF**

**VS.**                                           **CIVIL ACTION NO.: 3:15-cv-844-FKB**

**MDOC COMMISSIONER MARSHALL FISHER,**
**ET. AL**                                                                                               **DEFENDANTS**

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT**

Keisha Lashay Johnson, formerly in the custody of the Mississippi Department of Corrections ("MDOC"), alleges that Defendants, all MDOC employees or officials, denied her access to adequate medical care while she was incarcerated. Before the Court is Defendants' Motion for Summary Judgment [49]. Defendants attach no affidavits, exhibits, or medical records as part of their motion. Johnson has filed no response.

Johnson filed suit on November 20, 2015. [1]. The Court held an omnibus hearing on February 22, 2017. [44]. While Johnson makes some claims in her written complaint and filings, most of her claims, and most of the specificity as to those claims, come from her omnibus hearing testimony. Defendants have failed to submit a transcript of the omnibus hearing as an exhibit to their motion for summary judgment.

**Factional Allegations**

During her incarceration, Johnson suffered from a number of serious medical conditions. She had emergency surgery to treat ruptured intestines and a peptic ulcer in November 2011. She had a hysterectomy in April 2012 as a result of doctors discovering a fibroid tumor "the size of a phone book" in her abdomen. Doctors diagnosed her with leukemia in October 2012. As of the February omnibus hearing, she still suffered from leukemia and peptic ulcer disease.

1

Johnson contends that each of the defendants acted with deliberate indifference in denying her access to proper medical care. The specifics of her claims are set forth below.

Defendant Dr. Gloria Perry was Johnson's treating physician in August and December 2011. She later became MDOC's chief medical officer. Johnson testified that Dr. Perry denied an MDOC physician's request that she be allowed to see an outside GI specialist. She testified that she wrote to Dr. Perry requesting to see the GI specialist, but was again denied. She testified that her mother wrote to Dr. Perry requesting that Johnson be allowed to see a GI specialist, but she too was denied. Johnson contends that she was denied access to the GI specialist for the two years prior to filing her November 2015 complaint. [1] at 3. Johnson testified that Dr. Perry also interfered in her leukemia treatment. Johnson contends that Dr. Perry denied her the medications she was prescribed by her oncologist, claiming that Dr. Perry only gave her half of the quantity of medication prescribed, and replaced that which she did give Johnson with less expensive substitutes.

Defendant Alma Harris[1] was a warden at the Washington County Regional Correctional Facility ("WCRCF") while Johnson was incarcerated there. Beginning in September 2011, Johnson began complaining to Warden Harris that she was not receiving proper medical treatment. Johnson informed Warden Harris that she was experiencing severe stomach pain, had not been able to eat for more than three weeks, was vomiting, and had blood in her stool. Johnson testified that both she and a nurse told Warden Harris about Johnson's symptoms. Johnson testified that prison officials responded by giving her acid reflux pills. Johnson testified that she again requested Warden Harris permit her medical treatment in November 2011, but Harris refused. She testified that she only received medical treatment after she fell unconscious and was rushed to a hospital

---

[1] Harris has not been served and is not one of the parties moving for summary judgment. Johnson's allegations against her are included here to give context to the remainder of her allegations.

emergency room. It was discovered that her intestines had ruptured and that she was suffering from a peptic ulcer.

Defendant Maud Irby was a warden at Central Mississippi Correctional Facility ("CMCF") during Johnson's incarceration there. Johnson contends that Warden Irby denied her access to medical care in August 2011 related to the stomach pain that eventually culminated in the November 2011 hospitalization. In 2013 and 2014, Johnson began writing to Warden Irby complaining that she was receiving insufficient treatment for her leukemia. Johnson testified that she informed Warden Irby that she had blood in her urine, but that she was not getting proper treatment. Johnson states that prison doctors gave her an injection, telling her it was an antibiotic, but that it did not fix the problem. Johnson continued to have blood in her urine and continued to request medical treatment. This occurred during the same time that Johnson had been recommended to see a GI specialist, but had not been permitted to do so.

Defendant Wendell Banks was a warden at CMCF during Johnson's incarceration at that facility. Johnson contends that Warden Banks denied her access to medical care in September 2015 and February 2016. [10] at 3. Johnson testified that she informed Warden Banks that prison doctors were not allowing her to see a GI-specialist to treat her for complications stemming from her leukemia. She testified that she complained to Warden Banks for the entirety of 2016, but was still unable to see the GI specialist.

Defendant Ronald King was the superintendent of CMCF during Johnson's incarceration at that facility. Johnson writes that Defendant King, "after being notified verbally on several occasions and in writing of medical issues of plaintiff and the request for medical care . . . made no reasonable effort to see that care was given." [10] at 3. Plaintiff writes that he denied her access

to medical care in September 2014, December 2014, March 2015, June 2015, July 2015, and August 2015. *Id.*

Defendant Marshall Fisher was MDOC's commissioner during Johnson's incarceration. Johnson wrote to Commissioner Fisher in August 2015, informing him that she was not receiving proper treatment for her leukemia and its resulting complications. [10] at 3. She testified that she wrote to Commissioner Fisher after Dr. Perry refused to let her see a GI specialist, and that he did nothing to provide her access to the medical care she required.

**Analysis**

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. App'x. 963, 964 (5th Cir.2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). "A prison official acts with deliberate indifference under the Eighth Amendment 'only if he knows that [an] inmate[ ] face[s] a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it.'" *Medellin v. Shaw*, 66 F.3d 320 (5th Cir. 1995)(alterations in original)(quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

Johnson contends that she made each of the defendants personally aware of her medical needs, and that each of them disregarded the risk to Johnson by failing to take reasonable measures to abate it. Johnson has stated a *prima facie* case that each defendant acted with deliberate indifference to her need for medical care.

Defendants have submitted no summary judgment evidence of any kind in support of their motion. Defendants have not addressed any of her allegations, nor provided any medical records, affidavits, or deposition testimony to call into question any of her factual assertions. Defendants,

mostly prison administrators, contend that "they are entitled to rely on the decision-making of trained medical personnel and cannot be deliberately indifferent because of alleged medical malpractice by medical staff." [50] at 8. Defendants contend that their actions were "objectively reasonable," and that at most their actions were based on a mistaken reliance on the judgment of medical professionals. *Id.* at 9-10. However, in her claims recited above against the jail administrators, Johnson asserts that they denied her *access* to medical care, not that the medical care she received was deficient. Further, Defendants submit no evidence of any kind which would establish that they relied on any medical personnel's decision making. And as to Defendant Dr. Perry, this defense does not apply, since Dr. Perry was part of the "medical staff" providing care to Johnson. Defendants simply have not met their burden to prove that they are entitled to summary judgment on Johnson's claims against them in their individual capacities.

Accordingly, the Court finds that Defendants' motion for summary judgment with regard to Johnson's individual capacity claims should be denied without prejudice. The Court will set a new dispositive motion deadline. The parties may submit another motion for summary judgment. However, should Defendants file another motion for summary judgment, their motion must be properly supported by evidence permitted by Fed. R. Civ. P. 56(c), including, but not limited to, a copy of the omnibus hearing transcript. Defendants' motion for summary judgment must also address Johnson's factual allegations as contained within her complaint, written filings, and omnibus testimony.

With regard to Johnson's claims against Defendants in their official capacities, Defendants are employees of the State of Mississippi. The Eleventh Amendment bars suit in federal court against a state or its employees in their official capacities unless the state has unequivocally waived its immunity. *Pace v. Bogalusa City School Board*, 325 F.3d 609, 613 (5th Cir. 2003). State

officials sued in their official capacities are not liable for damages under 42 U.S.C. § 1983. *Hafer v. Melo*, 502 U.S. 21, 27-28 (1991). Accordingly, the Court grants summary judgment in favor of Defendants to the extent they are sued in their official capacities.

The Court will set new dispositive deadlines, as well as a new trial date, in an order to follow.

SO ORDERED, this the 14th day of March, 2018.

                                                  /s/ F. Keith Ball
                                                  UNITED STATES MAGISTRATE JUDGE